FILED
 2012 Dec-20  AM 10:18
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| COURTNEY FRAZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON CONTROLS, INC.; | ) | CV-11-RRA-3956-W |
| ANM SERVICES, LLC; EDIASA; | ) | |
| GENOT'S AZ QUALITY SERVICES, | ) | |
| INC. d/b/a AZ QUALITY, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

The case comes before the court on EDIASA's two motions to dismiss for improper service. (Docs. 11, 37.)

HISTORY OF SERVICE ATTEMPTS

The record first reflects service on EDIASA on November 26, 2011. (Doc. 6.) Service of the summons and complaint was attempted by certified mail. The return demonstrates that service was addressed merely to "EDIASA" at 1324 Goodyear Drive, El Paso, TX 79936. (Doc. 6.) The name of the person who signed the receipt is illegible. The defendant, however, has identified this person as "Fernando Compean Ortiz." (Doc. 12-1, p. 2.) Defendant JCI's senior manager, Rodney DuBois, has issued an affidavit which states that the address to which the article was sent is a warehouse leased by JCI. (Doc. 12-1, p. 2.) DuBois also states that Ortiz "works in the shipping and receiving department of the JCI El Paso facility" as a forklift operator. (Doc. 12-1, p. 2.) According to the affidavit, Ortiz "is not a director or agent of JCI, and is not authorized to accept service of process on behalf of JCI or [EDIASA]." (Doc.

12-1, p. 2.)   The plaintiff has not provided any evidence to refute the DuBois affidavit.

The record reflects that service on EDIASA was attempted a second time on January 13, 2012.  (Doc. 26.)  Again, process was sent by certified mail, to the same address, but this time addressed to EDIASA in care of William Yee." (Doc. 26.)  Again, the name of the person who signed the receipt is illegible, and there is no evidence in the record identifying this person.  The defendant states again that the address to which process was sent was a JCI facility, and that the signature is not William Yee's, rather the signature belongs to an employee of JCI "who has no authority [to] accept service on behalf of [EDIASA] or William Yee." (Doc. 37, p. 4.)

The record last reflects service on EDIASA on January 12, 2012.  (Doc. 30.)  Again, process was sent by certified mail, this time addressed to "EDIASA c/o Johnson Controls, Inc. c/o C.T. Corporation System."   (Doc. 37.)   EDIASA concedes that JCI is its "parent company," and that this attempt placed service with JCI's registered agent for service of process.  (Doc. 37.)  The plaintiff does not contend that she has properly served EDIASA. Instead, she argues that she has "substantially complied" with the requirements for service, and that the defendant has actual knowledge of the action.  (Doc. 23, pp. 1-2.)[1]

## ANALYSIS

"[W]hen service of process is challenged, the party on whose behalf service is made has

---

[1] The plaintiff also argues that EDIASA, an out-of-state corporation, has failed to register with the Alabama Secretary of State while transacting business within the state. (Doc. 23, p. 3.)  If it had done so, EDIASA would have a registered agent for service of process here.  First, the plaintiff has not shown that Alabama's requirement applies to EDIASA in this instance.  Second, even if it did, the plaintiff has not demonstrated that the failure to register allows a plaintiff to bypass the service requirements of the rules of civil procedure.

the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).[2]

EDIASA identifies itself as a Mexican limited liability company. (Doc. 12, p. 3.) The parties seem to agree that this designation is appropriate. Rule 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Fed. R. Civ. P. 4(h). Subsection 2 of Rule 4(h) does not apply since there has been no attempt at service outside a judicial district of the United States. Subsection (1)(B) does not apply as no attempt at personal service has been made. Accordingly, the court looks only to subsection (1)(A) which instructs the court to look to Rule 4(e)(1).

Rule 4(e)(1) provides that:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: **(1)** following state law for serving a summons

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

> in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e). Alabama's rule states that as to "domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association," service shall be made "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4 (c)(6). Rule 4 of the Alabama Rules of Civil Procedure allows such service to be made by certified mail on the addressee's "agent." Ala. R. Civ. P. 4(i)(2).

> Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default.

Ala. R. Civ. P. 4(i)(2)(c).

The plaintiff argues that her three attempts at service constitute "substantial compliance" with the rule. She argues that Rule 4 should be liberally construed as long as the defendant receives actual notice. She cites the 1990 decision of *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) in support of this argument. In that case the court wrote:

> Further, another court of appeals has held that Rule 4, F.R.Civ.P. "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984) (citing *FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312 & n. 61 (D.C. Cir.1980); 4 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1083, at 332-33 (1969) [hereinafter *Federal*

*Practice* ] ); 4A *Federal Practice* § 1083, at 10. In addition, "[t]he Federal Rules do not contemplate that a party may simply ignore pleadings it receives." *Billy v. Ashland Oil, Inc.,* 102 F.R.D. 230, 234 (W.D. Pa.1984); *see Commercial Casualty Ins. Co. v. Consolidated Stone Co.,* 278 U.S. 177, 180, 49 S.Ct. 98, 99, 73 L.Ed. 252 (1929).

*Sanderford*, 902 F.2d at 900.

*Sanderford* involved proper service, but the amount of time to answer the complaint was left blank.  The court held that "if a summons is in substantial compliance with Rule 4(b), F.R.Civ.P., and a defendant has not been prejudiced by the defect in the summons, the defendant must raise his or her Rule 12(b)(4), F.R.Civ.P. defense by motion or in a responsive pleading, or risk having waived that defense if he or she waits until final default judgment has been entered." *Id.*  In the instant case, there was <u>improper service of process</u>.  Still, Judge Myron Thompson in the Middle District of Alabama relied on *Sanderford* in a matter very similar to the instant case.  In *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238 (M.D. Ala. 2005), the summons and complaint were addressed simply to the name of the corporation, not a registered agent for service of process. *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238 (M.D. Ala. 2005) (addressed simply to "Alfagres, S.A.").  The court found "substantial compliance" with the Federal and Alabama Rules of Civil Procedure where process was sent by certified mail to an address which had been listed as the company's Miami office, and was signed for by a woman who had previously held herself out as an employee of the defendant.

>   Judge Thompson, quoting *Sanderford*, wrote:
>
>   The court finds that service of process in this case was in substantial compliance with the Federal and Alabama Rules of Civil Procedure and that any defects in service of process have not prejudiced Alfagres and are therefore harmless error. *See, e.g., Sanderford v. Prudential Insurance Co.,* 902 F.2d 897, 900 (11th

Cir.1990) ("Fed.R.Civ.P. 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint") (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984)); *Thomas v. Yonkers Police Dept.,* 147 F.R.D. 77 (S.D.N.Y.1993) (Broderick, J.)

Although the summons and complaint were addressed to the *corporation* itself, rather than to a specified *person* (i.e. an officer, partner, or authorized agent of the corporation described in Ala.R.Civ.P. 4(c)(6)), as required by Ala.R.Civ.P. 4(i)(2)(B), service of the summons and complaint clearly complied with all other aspects of Rule 4(i)(2) and reached the appropriate persons within Alfagres, as evidenced by the fact that Alfagres filed its motion to quash on March 14, 2005. *See United Food & Commercial Workers Union,* 736 F.2d at 1382 ("[A] defendant's ... appearance in an action should be enough to prevent any technical error in form from invalidating the process") (internal citations and quotations omitted).

Alfagres's argument that Montallana is not an agent authorized to receive service of process on its behalf is also to no avail. According to Ala.R.Civ.P. 4(i)(2)©, the "person or entity" who signs the return receipt need only be an "agent" authorized to receive and deliver mail to the addressee and need *not* be the actual person authorized to receive process under Rule 4(c)(6). Throughout its briefs and pleadings, Alfagres has repeatedly insisted that the Miami address to which the summons and complaint was sent is actually the address of OPA International Corporation, Alfagres's American distributor, and is for all practical purposes simply a mail drop "from which mail is forwarded to Alfagres at its Bogota, Colombia office." Given Alfagres's clear admission that mail sent to the Miami address is forwarded to Alfagres, the court finds that Montallana's signature was sufficient to comply with the requirements of Ala.R.Civ.P. 4(i)(2)(c); regardless of whether Montallana was in fact an employee of Alfagres or of OPA International, her presence at the office and receipt of the mail indicates that she was clearly part of the entity authorized to forward mail to Alfagres at its Colombian headquarters.

Moreover, while it is unclear exactly *when* Alfagres received the summons and complaint in Colombia, nowhere in the record does it dispute eventually receiving the summons and complaint. In fact, the record indicates that Alfagres received actual notice of Alfa's claim against it no later than March 11, 2005, the date on which Dallos signed the affidavit attached to Alfagres's motion to quash. Given that "the modern conception of service of process is primarily as a notice giving device," *Andrews v. Coffee County Bd. of Educ.,* 1988 WL 214509, *7 (M.D. Ala.1988) (Dubina, J.) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* Civil 2d § 1083), "to quash service at this juncture would simply serve to increase the costs of service and delay the proceedings." *Coca-Cola Co. v. Empresa Comercial *1240 Int'l de Frutas S.A.,* 1996 WL 378856, *2 (M.D. Fla.1996) (Kovachevich, J.).

However, the court is mindful that it is possible there was some delay in the forwarding of the summons and complaint from the Miami address to Alfagres's

> Colombian headquarters. Therefore, to ensure there is no prejudice to Alfagres, the court will allow it 20 days from the date of the issuance of this order to file another response to the complaint.

*Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1239-40 (M.D. Ala. 2005).

Similarly, here, even though process was not addressed to a specified *person* in the corporation described as required by Ala.R.Civ.P. 4(i)(2)(B), no party argues that service of the summons and complaint failed to comply with any other aspect of Ala. R. Civ. P. 4(i)(2). Further, as in Judge Thompson's case, the fact that a motion to dismiss for improper service was filed is evidence that process reached the appropriate persons within EDIASA and is proof of actual notice.

To be sure there are distinctions between this case and Judge Thompson's. For example, there is no evidence that any person who signed for process works for anyone other than JCI, and there is no evidence that EDIASA lists the El Paso facility as one of its work sites.  However, this court feels the gist of Judge Thompson's opinion rests on the fact that, in light of the receipt of actual notice, there was no point in complying with every formality of service.  Further, as in Judge Thompson's case, there is no prejudice to the defendant. Therefore, as Judge Thompson  noted, "'to quash service at this juncture would simply serve to increase the costs of service and delay the proceedings.'" *Alfa Corp.*, 385 F. Supp. 2d at 1240 (quoting *Coca-Cola Co. v. Empresa Comercial *1240 Int'l de Frutas S.A.,* 1996 WL 378856, *2 (M.D. Fla.1996) (Kovachevich, J.)).

If, however, it is held that service should be quashed, dismissal seems inappropriate. *Jackson v. Vaughan Reg'l Med. Ctr.*, CIV.A. 09-0203-WS-B, 2009 WL 3242082 (S.D. Ala. Oct. 6, 2009), a case cited by EDIASA in its initial brief, states, "There is ample authority for

7

the proposition that 'service generally will be quashed and the action <u>preserved</u> in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.' " *Jackson v. Vaughan Reg'l Med. Ctr.*, CIV.A. 09-0203-WS-B, 2009 WL 3242082 at * 3 (S.D. Ala. Oct. 6, 2009) (quoting 5B Wright & Miller, Federal Practice & Procedure Civ.3d § 1354) (emphasis added).  It is at least reasonable, even if service is quashed, that the plaintiff could effect service upon EDIASA under Rule 4(e) or (f) or by requesting and receiving a waiver of service under Rule 4(d).

## RECOMMENDATION

Wherefore, it is RECOMMENDED that the motion to dismiss be denied on the ground that  the service rules were substantially with, or, if it is determined that service should be quashed, it is recommended that the  motion to dismiss be denied on the ground that the plaintiff should be allowed more time to effect proper service.

Any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.  If objections are filed, the opposing party has ten (10) additional days to file a response to the objections.

DONE this 20th day of December, 2012.

/s/ Robert R. Armstrong
Robert R. Armstrong, Jr.
United States Magistrate Judge