FILED
2012 Dec-20  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| COURTNEY FRAZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON CONTROLS, INC.; | ) | CV-11-RRA-3956-W |
| ANM SERVICES, LLC; EDIASA; | ) | |
| GENOT'S AZ QUALITY SERVICES, | ) | |
| INC. d/b/a AZ QUALITY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The case comes before the court on ANM's Motion to Dismiss for Improper Service.

(Doc. 42.)[1] "[W]hen service of process is challenged, the party on whose behalf service is

made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*,

629 F.2d 1134, 1139 (5th Cir. 1980).[2]

The plaintiff attempted to serve ANM on many occasions.[3] Finally, on February 21,

---

[1]This motion does not ask that service be quashed, simply that this action be dismissed on the basis of improper service of the summons and complaint.

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

[3]The first attempt, process by certified mail, was addressed to "ANM Services, LLC c/o Bryan Morgan" at "1894 Woodland Ind. Dr., Birmingham, AL 35210." (Doc. 7.) This attempt was returned unexecuted. The record reflects a second request to the clerk for service at the same address (doc. 15), and an alias summons was issued. (Doc. 18.) The record reflects that this attempt, too, was returned unexecuted on January 17, 2012. (Doc. 27.)

On January 13, 2012, the plaintiff asked the clerk to issue a new summons to ANM in care of "Any Officer, Managing or General Agent" at "3670 Flowood Dr., Flowood, MS 39232." (Doc. 25.) The clerk issued the alias summons on January 19, 2012. (Doc. 28.) This attempt was returned unexecuted on January 30, 2012. (Doc. 35.) On January 19, 2012, the clerk prepared

2012, the plaintiff, through a process server, delivered the summons and complaint to Joseph

E. Varner III. Varner is ANM's registered agent-for-service of process in the state of

Mississippi. (Doc. 40.)

DISCUSSION

ANM is a limited liability company. Rule 4(h) provides:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

Rule 4(e)(1) provides, <u>alternatively</u>, that

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Alabama's service rule states that as to a "domestic or foreign corporation or upon a

partnership, limited partnership, limited liability partnership, limited liability company, or

unincorporated organization or association," service shall be made "by serving an officer, a

partner (other than a limited partner), a managing or general agent, or any agent authorized

---

another alias summons, also addressed to "Any Officer, Managing or General Agent," addressed to "3670 Flowood Dr., Flowood, MS 39232." (Doc. 28.) That summons was returned unexecuted on January 30, 2012, stamped "NOT DELIVERABLE" and "UNABLE TO FORWARD." (Doc. 35.)

by appointment or by law to receive service of process."  Ala. R. Civ. P. 4 (c)(6).

ANM states that Varner does not qualify as an officer, a managing or general partner, a managing or general agent, or any agent authorized by appointment or by law to receive service of process, as provided by either   Rule 4 (c)(6) of the Alabama Rules of Civil Procedure, or Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. The only issue before the court, then, is whether service on the defendant's registered agent-for-service in the state of Mississippi is proper legal service for an action in a federal court in Alabama.

ANM's sole argument on this issue is that Varner is their registered agent <u>only in Mississippi,</u> not for service of process "for litigation in the State of Alabama" (doc. 43), and, therefore, service on their Mississippi agent is invalid service in this Alabama case. The defendant provides no authority for the proposition that its registered agent in Mississippi, duly served, does not comply with the rules governing service of process.

It is determined that service on Varner constituted service on this defendant under Rule 4(h), whether by following the federal provisions or the state provisions for service.

ALTERNATIVELY, even if service were defective, Rule 4 should be liberally construed, as long as the defendant receives actual notice of the case.  In *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238 (M.D.  Ala. 2005), the court found "substantial compliance" with the Federal and Alabama Rules of Civil Procedure where process was sent by certified mail to an address which had been listed as the company's Miami office and was signed for by a woman who had previously held herself out as an employee of the defendant. Judge Myron Thompson wrote:

> The court finds that service of process in this case was in substantial

compliance with the Federal and Alabama Rules of Civil Procedure and that any defects in service of process have not prejudiced Alfagres and are therefore harmless error. *See, e.g., Sanderford v. Prudential Insurance Co.,* 902 F.2d 897, 900 (11th Cir.1990) ("Fed.R.Civ.P. 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint") (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984)); *Thomas v. Yonkers Police Dept.,* 147 F.R.D. 77 (S.D.N.Y.1993) (Broderick, J.)

Although the summons and complaint were addressed to the *corporation* itself, rather than to a specified *person* (i.e. an officer, partner, or authorized agent of the corporation described in Ala.R.Civ.P. 4(c)(6)), as required by Ala.R.Civ.P. 4(i)(2)(B), service of the summons and complaint clearly complied with all other aspects of Rule 4(i)(2) and reached the appropriate persons within Alfagres, as evidenced by the fact that Alfagres filed its motion to quash on March 14, 2005. *See United Food & Commercial Workers Union,* 736 F.2d at 1382 ("[A] defendant's ... appearance in an action should be enough to prevent any technical error in form from invalidating the process") (internal citations and quotations omitted).

Alfagres's argument that Montallana is not an agent authorized to receive service of process on its behalf is also to no avail. According to Ala.R.Civ.P. 4(i)(2)(C), the "person or entity" who signs the return receipt need only be an "agent" authorized to receive and deliver mail to the addressee and need *not* be the actual person authorized to receive process under Rule 4(c)(6). Throughout its briefs and pleadings, Alfagres has repeatedly insisted that the Miami address to which the summons and complaint was sent is actually the address of OPA International Corporation, Alfagres's American distributor, and is for all practical purposes simply a mail drop "from which mail is forwarded to Alfagres at its Bogota, Colombia office." Given Alfagres's clear admission that mail sent to the Miami address is forwarded to Alfagres, the court finds that Montallana's signature was sufficient to comply with the requirements of Ala.R.Civ.P. 4(i)(2)(C); regardless of whether Montallana was in fact an employee of Alfagres or of OPA International, her presence at the office and receipt of the mail indicates that she was clearly part of the entity authorized to forward mail to Alfagres at its Colombian headquarters.

Moreover, while it is unclear exactly *when* Alfagres received the summons and complaint in Colombia, nowhere in the record does it dispute eventually receiving the summons and complaint. In fact, the record indicates that Alfagres received actual notice of Alfa's claim against it no later than March 11, 2005, the date on which Dallos signed the affidavit attached to Alfagres's motion to quash. Given that "the modern conception of service of process is primarily as a notice giving device," *Andrews v. Coffee County Bd. of Educ.,* 1988 WL 214509, *7 (M.D.Ala.1988) (Dubina, J.) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* Civil 2d § 1083), "to quash service at this juncture would simply serve to increase the costs of service and delay the proceedings." *Coca-Cola Co. v. Empresa Comercial *1240 Int'l de Frutas S.A.,* 1996 WL 378856, *2 (M.D.Fla.1996) (Kovachevich, J.).

4

> However, the court is mindful that it is possible there was some delay in the forwarding of the summons and complaint from the Miami address to Alfagres's Colombian headquarters. Therefore, to ensure there is no prejudice to Alfagres, the court will allow it 20 days from the date of the issuance of this order to file another response to the complaint.

*Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1239-40 (M.D. Ala. 2005).

FINALLY, even if it were determined that service is invalid, dismissal is an extreme remedy. In *Jackson v. Vaughan Reg'l Med. Ctr.*, CIV.A. 09-0203-WS-B, 2009 WL 3242082 (S.D. Ala. Oct. 6, 2009), the court wrote, "There is ample authority for the proposition that 'service generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.' " *Jackson v. Vaughan Reg'l Med. Ctr.*, CIV.A. 09-0203-WS-B, 2009 WL 3242082 at * 3 (S.D. Ala. Oct. 6, 2009) (quoting 5B Wright & Miller, Federal Practice & Procedure Civ.3d § 1354) (emphasis added). Even if service is quashed, the plaintiff might effect service upon ANM under Rule 4(e) or by requesting and receiving a waiver of service under Rule 4(d).

## RECOMMENDATION

Wherefore, it is RECOMMENDED that the motion to dismiss be denied on the ground that  service complied strictly with the rules governing service or substantially with those rules, or, if it is determined that service should be quashed, that the motion to dismiss be denied on the ground that the plaintiff should be allowed more time to serve the defendant properly.

Any party may file specific written objections to this report and recommendation

within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.  If objections are filed, the opposing party has ten (10) additional days to file a response to the objections.

DONE this 20th day of December, 2012.

Robert R. Armstrong, Jr.
United States Magistrate Judge