

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **COURTNEY FRAZER,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    **vs.** | )    **CASE NO.  7:11-CV-3956-JHE** |
| | ) |
| **JOHNSON  CONTROLS,  INC.; ANM** | ) |
| **SERVICES, LLC; EDIASA; GENOT'S** | ) |
| **AZ QUALITY SERVICES, INC., d/b/a/** | ) |
| **AZ Quality; WILLIAM YEE,** | ) |
| | ) |
|    **Defendants.** | ) |

### MEMORANDUM OPINION AND ORDER

On December 20, 2012, the Magistrate Judge filed his Report and Recommendation, (doc. 55),[1] recommending that defendant Ediasa's Motions to Dismiss, (docs. 11 and 37), "be denied on the ground that the service rules were substantially [complied] with, or, if it is determined that service should be quashed, . . . recommend[ing] that the motion[s] to dismiss be denied on the ground that the plaintiff should be allowed more time to effect proper service," (doc. 55 at 8).  Defendant Ediasa filed Objections to Report and Recommendation, (doc. 57), to which plaintiff Courtney Frazer has responded, (doc. 58).  Based upon the court's consideration of all the materials in its file, including the Report and Recommendation, defendant Ediasa's Objections, (doc. 57), are **OVERRULED IN PART** and **SUSTAINED IN PART**, and defendant Ediasa's Motions to Dismiss, (docs. 11 and 37),

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

are **DENIED**.   The time for perfecting service of process on defendant Ediasa is

**EXTENDED** 60 days from the date of this Memorandum Opinion and Order.

## I.  <u>STANDARD OF REVIEW OF THE REPORT AND RECOMMENDATION</u>

The district court reviews de novo those parts of the Report and Recommendation to

which a party objects.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)("The district

judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to.").   The court may review the other parts of the Report and

Recommendation for plain error or manifest injustice.  *United States v. Slay*, 714 F.2d 1093,

1095 (11th Cir. 1983)(citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (11th Cir. 1982)).

"The district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ.

P. 72(b)(3).

## II.  <u>STATEMENT OF FACTS</u>

In an Opinion and Reasons entered in response to a Report and Recommendation

entered in this case, Judge Smith set forth the following facts gleaned from the plaintiff's

Complaint and proposed Amended Complaint.   These facts are quoted below only as a means

of providing background information in this case.

> Plaintiff alleges a complex relationship among the four entities that she
> has named as defendants – *i.e.*, Johnson Controls, Inc. ("JCI"); Ediasa; Genot's
> AZ Quality Services, Inc., doing business as AZ Quality ("AZ Quality"); and
> ANM Services, LLC ("ANM") – all of whom allegedly employed her jointly
> from January 4 to February 2, 2011.   Johnson Controls, Inc. ("JCI")
> manufactured automotive components, and owned and operated a

manufacturing facility in Cottondale, Alabama.  The Cottondale facility obtained its parts from Ediasa.  In turn, the Ediasa parts were quality controlled by a full-time liaison based at the Cottondale facility and employed by Genot's AZ Quality Services, Inc., doing business as AZ Quality ("AZ Quality").  The liaison was authorized to supervise other Cottondale facility workers who addressed issues in the quality of the Ediasa parts.

Gino Arenas, a liaison employed by AZ Quality, hired plaintiff to work in the quality department at the Cottondale facility on a temporary basis beginning on or around January 4, 2011, as part of a formal quality review program regarding the parts Ediasa supplied.  Plaintiff received her paycheck from *ANM Services, LLC* ("ANM").  However, plaintiff was directly supervised by the liaison employed by *AZ Quality*, Gino Arenas, and, later, by Pete Arenas, his replacement.  Further, plaintiff was directly supervised by management employees of *JCI*, including Human Resources Representative Elvira White and Second Shift Production Manager David Nelson.  Finally, plaintiff was directly or indirectly supervised by employees of *Ediasa*, including Quality Superintendent William Yee.

In late 2010 and early 2011, Ediasa assigned Yee to work at the Cottondale facility as part of the formal quality review program regarding the parts Ediasa supplied.  During plaintiff's first week of employment, Yee told her that she needed to come to his hotel and dance for him if she wanted to become a permanent employee.  Plaintiff went to Yee's hotel, where he made it clear to her that if she had sex with him, she would have a permanent job.

Yee then left the state of Alabama.  During his absence, plaintiff learned that she was pregnant.  When Yee returned to Alabama, he insisted that plaintiff have sex with him.  Plaintiff refused to do so, and told him that she was pregnant.  However, Yee continued to insist that plaintiff had sex with him.  Further, Jose Farmerio, a lead person employed by ANM, continuously asked plaintiff to have sex with him in crude terms, and touched her private parts against her will.

Plaintiff reported the sexual harassment by Yee and Farmerio to human resources personnel and managers, including ANM Second Shift Supervisor Saul Allen.  Plaintiff also informed Allen about her pregnancy.  Allen referred her to JCI Human Resources Representative Elvira White, who in turn referred her to JCI Second Shift Production Manager David Nelson.

On February 1, 2011, plaintiff reported the sexual harassment to White and Nelson, and informed them that she was pregnant.  The next day, the liaison employed by AZ Quality, Pete Arenas, told plaintiff that she was fired because Yee and Farmerio said they no longer wanted plaintiff working there.  Pete Arenas subsequently told plaintiff that Yee had instructed him to fire her.

(Doc. 53 at 3-7 [footnotes omitted; emphasis in original].)

Plaintiff filed an EEOC charge, and, after receiving a right-to-letter, she filed the instant action.  (Doc. 46 ¶ 2.)  Thereafter, she attempted to serve defendant Ediasa, "a Mexican limited liability company."  (Doc. 55 at 3 [citing doc. 12 at 3].)  According to the Report and Recommendation –

The record first reflects service on EDIASA on November 26, 2011.  (Doc. 6.)  Service of the summons and complaint was attempted by certified mail.  The return demonstrates that service was addressed merely to "EDIASA" at 1324 Goodyear Drive, El Paso, TX 79936.  (Doc. 6.)  The name of the person who signed the receipt is illegible.  The defendant, however, has identified this person as "Fernando Compean Ortiz."  (Doc. 12-1, p. 2.)  Defendant JCI's senior manager, Rodney DuBois, has issued an affidavit which states that the address to which the article was sent is a warehouse leased by JCI.  (Doc. 12-1, p. 2.)  DuBois also states that Ortiz "works in the shipping and receiving department of the JCI El Paso facility" as a forklift operator.  (Doc. 12-1, p. 2.)  According to the affidavit, Ortiz "is not a director or agent of JCI, and is not authorized to accept service of process on behalf of JCI or [EDIASA]."  (Doc. 12-1, p. 2.)  The plaintiff has not provided any evidence to refute the DuBois affidavit.

The record reflects that service on EDIASA was attempted a second time on January 13, 2012.  (Doc. 26.)  Again, process was sent by certified mail, to the same address, but this time addressed to EDIASA in care of William Yee."  (Doc. 26.)  Again, the name of the person who signed the receipt is illegible, and there is no evidence in the record identifying this person.  The defendant states again that the address to which process was sent was a JCI facility, and that the signature is not William Yee's, rather the signature belongs to an employee of JCI "who has no authority [to] accept service on behalf of [EDIASA] or William Yee."  (Doc. 37, p. 4.)

4

> The record last reflects service on EDIASA on January 12, 2012. (Doc. 30.)   Again, process was sent by certified mail, this time addressed to "EDIASA c/o Johnson Controls, Inc. c/o C.T. Corporation System."  (Doc. 37.)  EDIASA concedes that JCI is its "parent company," and that this attempt placed service with JCI's registered agent for service of process.  (Doc. 37.)

(Doc. 55 at 1-2 [emphasis in original].)

The parties do not dispute the Magistrate Judge's determination of these facts. Therefore, the court **ADOPTS** the Report's History of Service Attempts as set forth above.

## III.  <u>DISCUSSION</u>

Defendant Ediasa objects to the Magistrate Judge's determination that plaintiff's service attempts "substantially complied" with Fed. R. Civ. P. 4 such that its Motions to Dismiss should be granted.  It also contends that plaintiff Frazer should not be allowed additional opportunities to perfect service on Ediasa.  For the reasons set forth below, the court **SUSTAINS** Ediasa's objection to the Magistrate Judge's finding that Frazer has substantially complied with Rule 4's requirements for perfecting service.  However,  even though Frazer's attempts at service were insufficient, her claims against Ediasa should not be dismissed at this time.  Therefore, Ediasa's remaining objections to the Report and Recommendation are **OVERRULED**.

According to the Report and Recommendation, Frazer attempted to serve Ediasa by serving the Summons and Complaint at a facility owned by Johnson Controls and on the registered agent of Johnson Controls.

> Service of the proper agent of a parent corporation can constitute valid service [on a subsidiary corporation] and confer personal jurisdiction.

5

> *Edwards v. Gulf Mississippi Marine Corp.*, 449 F. Supp. 1363 (S.D. Tex.
> 1978).  A mere parent-subsidiary corporate relationship, however, does not
> establish the necessary agency relationship.  *Cannon Mfg. Co. v. Cudahy
> Packing Co.*, 267 U.S. 333, 336-37 (1925).  In order to allow service on a
> subsidiary company through a parent, one must establish a sufficient agency
> relationship or that the two corporations are not really separate entities.  *Allan
> v. Brown & Root, Inc.*, 491 F. Supp. 398, 403 (S.D. Tex. 1980).

*John Scott, Inc. v. Munford, Inc.*, 670 F. Supp. 344, 345 (S.D. Fla. 1987)(parallel Supreme Court cites omitted); *see also Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009)("Generally, service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant.  While this is the general rule, courts have consistently recognized that a subsidiary may be found to be a parent corporation's agent at law for service of process, or that a parent may be held a subsidiary's agent at law for service of process where the evidence shows that one is the agent or alter ego of the other." (internal quotations and citations omitted)).

Without a showing that Johnson Controls was Ediasa's agent for purposes of accepting service or that Johnson Controls and Ediasa are not truly two separate corporations, the attempted service on Ediasa at the Johnson Controls facility and on Johnson Controls's registered agent does not constitute substantial compliance with Fed. R. Civ. P. 4.  Therefore, the Recommendation that defendant Ediasa's "motion[s] to dismiss be denied on the ground that the service rules were substantially complied with," (doc. 55 at 8), is **REJECTED**.

This court "has broad discretion to dismiss the action or to quash service but retain the case" when service of process in insufficient.  *Thermo-Cell Southeast, Inc. v. Technetic*

*Industries, Inc.*, 605 F. Supp. 1122, 1124 (N.D. Ga. 1985)(citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1354 (1969)).  The recommendation of the Magistrate Judge is that "the motion to dismiss be denied on the ground that the plaintiff should be allowed more time to effect proper service."  (Doc. 55 at 8.)  Because Ediasa is amenable to service under Alabama's long-arm statute, the court **ADOPTS** this Recommendation.  *See Thermo-Cell Southeast, Inc.*, 605 F. Supp. at 1124; *Jackson v. Vaughan Regional Medical Center*, Civil Action No. 09-203-S-B, 2009 WL 3242082, *3 (S.D. Ala. Oct. 6, 2009).

Pursuant to Rule 4(h) –

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:

(1)  in a judicial district of the United States:

(A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or

(2)  at *a place not within any judicial district of the United States*, in any manner prescribed by *Rule 4(f)* for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h)(emphasis added).  Rule 4(f) provides:

Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at *a place not within any judicial district of the United States*:

7

(1) ***by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents***;

(2)  if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B)  as the foreign authority directs in response to a letter rogatory or letter of request; or

    (C)  unless prohibited by the foreign country's law, by:

        (i)   delivering a copy of the summons and of the complaint to the individual personally; or

        (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3)  by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(emphasis added).

Ediasa is a Mexican corporation.  Mexico is a signatory to the Hague Convention. "[T]he only form of service available in Mexico under the Hague Convention is through the Mexican Central Authority."  *Forth v. Carnival Corp.*, No. 12-23770-CIV, 2013 WL 1840373, *2 (S.D. Fla. May 1, 2013)(citing *Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, *5 (S.D. Fla. June 29, 2011); *Mitchell v. Volkswagen Group of America, Inc.*, 753 F. Supp. 2d 1264, 1270-71 (N.D. Ga. 2010)); *see generally* Charles B. Campbell, *No Sirve:*

*the Invalidity of Service of Process Abroad by Mail or Private Process Server on Parties in Mexico under the Hague Service Convention*, 19 MINN. J. INT'L L. 107 (Winter 2010).

Based on the foregoing, the court finds that defendant Ediasa's Motions to Dismiss, (docs. 11 and 37), are **DENIED**.  The time for perfecting service on defendant Ediasa is **EXTENDED** 60 days from the date of this Memorandum and Opinion.  Unless good cause is shown, the court will dismiss plaintiff's claims against defendant Ediasa if plaintiff fails to perfect service within the additional time allowed.

Further motions related to service on defendant Ediasa, if any, will be referred directly to the undersigned judge.

**DONE**, this 29th day of September, 2013.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE